SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5264

June 28, 2018

David W. Schaeffer
33020 Bishop Street
Millsboro, Delaware 19966

RE:     ***Schaeffer v. Giant of Maryland, LLC,***
**C.A. No. S17A-11-001**

On Appeal from the Unemployment Insurance Appeals Board: AFFIRMED

Date Submitted:     June 20, 2018
Date Decided:       June 28, 2018

Dear Mr. Schaeffer,

David Schaeffer appeals the decision of the Unemployment Insurance Appeals Board ("the Board") finding Mr. Schaeffer had been discharged from his place of employment for just cause in connection with that employment. The Board's decision is affirmed for the reasons stated below.

### Nature and Stage of the Proceedings

Mr. Schaeffer worked as a courtesy clerk/bagger for Giant of Maryland, LLC ("Employer") from February 20, 2016, until Employer discharged him on June 28, 2017. Mr. Schaeffer subsequently filed a claim for unemployment insurance benefits. A Claims Deputy denied his request on July 18, 2017. The Claims Deputy concluded Employer discharged Mr. Schaeffer for his failure to comply with Employer's attendance policy and noted Mr. Schaeffer had received prior warnings for unexcused absences from work. Mr. Schaeffer appealed this determination and an Appeals

Referee held a hearing on the matter on August 8, 2017. The Appeals Referee heard testimony from Mr. Schaeffer and Employer's representative, Mark Rhodes. By way of written decision mailed August 24, 2017, the Appeals Referee affirmed the Claims Deputy's decision. Mr. Schaeffer subsequently filed an appeal with the Board. The Board held a hearing on the matter on September 13, 2017. Mr. Schaeffer testified before the Board. Employer did not appear at the Board hearing. By way of written decision mailed October 24, 2017, the Board affirmed the Appeals Referee's decision. Mr. Schaeffer filed a timely appeal with this Court and the matter is ripe for decision.

**Discussion**

When reviewing a decision of the Board, this Court must determine whether the Board's findings and conclusions of law are free from legal error and are supported by substantial evidence in the record.[1] "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] The Court's review is limited: "It is not the appellate court's role to weigh the evidence, determine credibility questions or make its own factual findings, but merely to decide if the evidence is legally adequate to support the agency's factual findings."[3]

Section 3314 of Title 19 of the Delaware Code provides, in pertinent part, that one shall be disqualified for unemployment benefits if he has been "discharged from [his] work for just cause in

---

[1] *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265 (Del. 1981); *Pochvatilla v. U.S. Postal Serv.*, 1997 WL 524062 (Del. Super. Ct. June 9, 1997); 19 *Del. C.* § 3323(a) ("In any judicial proceeding under this section, the findings of the [Board] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law.").

[2] *Gorrell v. Division of Vocational Rehab.*, 1996 WL 453356, at *2 (Del. Super. Ct. July 31, 1996).

[3] *McManus v. Christiana Serv. Co.*, 1997 WL 127953, at *1 (Del. Super. Ct. Jan. 31, 1997).

2

connection with [his] work."[4] "Generally, the term 'just cause' refers to a wilful or wanton act in violation of either the employer's interest, or of the employee's duties, or of the employee's expected standard of conduct."[5] Violation of a reasonable company policy may constitute just cause for termination, provided the employee is aware of the policy and the fact that the violation thereof may result in the employee's termination.[6] Knowledge of a company policy may be established by evidence of a written policy.[7]

In this case, the Board made the following findings of fact and conclusions of law:

> The Referee concluded, and the Board agrees, that the Employer had an attendance policy, acknowledged by the Claimant. The Employer also progressively warned the Claimant regarding his attendance. He missed his scheduled shifts on June 27th and June 29th. He provided no doctor's notes for those specific dates. As a result, the Employer had just cause for discharging the Claimant.[8]

On appeal, Mr. Schaeffer challenges validity of the termination notice because, he argues, some of his *previous* absences were medically justified. Under Employer's progressive warning system, Mr. Schaeffer posits he would have merited a warning versus termination for his absences on the 27th and 29th. Although it is true that Employer used a progressive warning system as a matter of course, such a procedure was not required by Employer's attendance policy.

---

[4] 19 *Del. C.* § 3314(2).

[5] *Abex Corp. v. Todd*, 235 A.2d 271, 272 (Del. Super. Ct. 1967).

[6] *Burgos v. Perdue Farms, Inc.*, 2011 WL 1487076, at *2 (Del. Super. Ct. Apr. 19, 2011).

[7] *Id.*

[8] Record of the proceedings below, at p. 145 (hereinafter, Record, at p. ___").

3

Employer's attendance policy is contained in its "Statement of Policy for Store Associates" ("the Policy"), which was admitted as an exhibit at the hearing before the Appeals Referee. Under the heading "Work Schedule," the Policy provides:

> A weekly work schedule will be posted by noon Saturday for the following week. It is your responsibility to check your schedule daily for any changes. It is also your obligation to meet this schedule. Should you be unable to be at your store as scheduled, you are expected to telephone your store as soon as you know that you cannot report[.] This should be at least one (1) hour prior to your scheduled starting time in [] order to enable your manager to have sufficient time to cover your shift. Store telephone numbers are available through directory assistance, or the telephone book. When calling in, be prepared to explain the reason for your absence or tardiness and the expected date of return. You must telephone your store daily while on sick leave, until your illness has been diagnosed[.] After a diagnosis has been made and you have made prior arrangements with your store manager, you may call weekly. Giant's Absentee and Tardiness Control Programs cover all store staffers. You should familiarize yourself with these policies in order to be aware of the consequences of excessive absenteeism and tardiness. Any staffer who is absent for three scheduled days and fails to contact their manager will be considered to have abandoned their job and will be subject to termination of employment.[9]

Also of note is the general provision set out at the beginning of the Policy: "The store manager is responsible for the enforcement of these policies and the decision as to what, if any, disciplinary action should be taken in response to their violation."[10] Mr. Schaeffer acknowledged receipt of Employer's Policy by signature on February 20, 2016.

The Policy authorized the store manager to take whatever disciplinary action he deemed appropriate in response to an employee's unexcused absence. In this case, the record is replete with documentation of Mr. Schaeffer's repeated unexcused absences and frequent tardiness. It is also clear Mr. Schaeffer did not appear for his scheduled shifts on June 27, 2017, and June 29, 2017. He did

---

[9] Record, at p. 124.

[10] *Id.*

4

not provide medical documentation for those absences. Failing to appear for those shifts was a violation of the Policy, of which Mr. Schaeffer was aware. Employer was entitled to terminate his employment for that violation. The Board's decision is supported by substantial evidence and free of legal error.

## Conclusion

For the reasons stated herein, the Board's decision to deny Mr. Schaeffer unemployment insurance benefits is AFFIRMED.

IT IS SO ORDERED.

Very truly yours,

Richard F. Stokes

oc:    Prothonotary

cc:    Giant of Maryland, LLC
       Unemployment Insurance Appeals Board

5